IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 AUG -7  A 9: 11

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

<u>MARVIN KURT NATION #141669</u>    )
Full name and prison number          )
of plaintiff(s)                      )
                                     )
v.                                   )   CIVIL ACTION NO. <u>2:06CV693-ID</u>
                                     )   (To be supplied by Clerk of
<u>OFFICER WILLIE AMBERS</u>            )   U.S. District Court)
                                     )
<u>WARDE NAGLES</u>                    )
                                     )
<u>P.H.S. DOCTOR ROBBINS</u>           )
                                     )
<u>ELMORE CF., ET. AL.</u>             )
                                     )
_____      )
Name of person(s) who violated       )
your constitutional rights.          )
(List the names of all the           )
persons.)                            )

I. PREVIOUS LAWSUITS
   A. Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action? YES ( ) NO (✓)

   B. Have you begun other lawsuits in state or federal court relating to your imprisonment? YES ( ) NO (✓)

   C. If your answer to A or B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

      1. Parties to this previous lawsuit:

         Plaintiff(s) _____N/A_____

         Defendant(s) _____N/A_____

      2. Court (if federal court, name the district; if state court, name the county) _____N/A_____

3. Docket number _____

4. Name of judge to whom case was assigned _____

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

6. Approximate date of filing lawsuit _____

7. Approximate date of disposition _____

II. PLACE OF PRESENT CONFINEMENT *Kilby Correctional Facility*

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED *Elmore Correctional*

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

| NAME | ADDRESS |
|---|---|
| 1. Officer Willie Ambers | |
| 2. Warden Nagles | |
| 3. P.H.S Doctor Robbins | |
| 4. Kilby Correctional Facility | |
| 5. | |
| 6. | |

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED *September 21, 2004*

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: *Deliberate Indifference*

2

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

PLAINTIFF WAS INVOLVED IN A SERIOUS ACCIDENT, THAT HAS CAUSED HIM TO SUFFER IN GREAT PAIN, AND RECIEVED LIFE SCARS

GROUND TWO: INDEQUATE MEDICAL CARE

SUPPORTING FACTS: UPON BEING TRANSFERED TO KILBY CORRECTIONAL FACILTY THE MEDICAL STAFF FAILED TO ATTEND TO PLAINTIFF SERIOUS MEDICAL NEEDS.

GROUND THREE: _____

SUPPORTING FACTS: _____

3

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

*Plaintiff like for the court to have Defendants in their Individual Capacity to pay for his Pain, Suffering, Life threating injuries, and the peramount injuries he now has.*

*Marvin Nation*
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on *August 4, 2006*.
(Date)

*Marvin Nation*
Signature of plaintiff(s)

4

## STATEMENT OF FACTS

On February 2, 2002 Plaintiff was convicted of parole violation and sentence to Elmore County Facility located in Elmore, Alabama while Plaintiff was at [Elmore] work assignment "Highway Squad" or "Road Squad" known as [M2]

Plaintiff's Responsibilities included picking up trash and removing depree from the "Roadway" or "Highway".

September 21, 2004 the day of this accident, several inmates also were assigned to the same job, and were all riding the same vehicle to their work cite. Once Plaintiff and other inmates job detail was finished, Plaintiff returned to his seat on the vehicle, along with the other inmates. Plaintiff and several inmates were threw working and requested that officer William Ambers return them back to Elmore. The driver of the vehicle officer William Abers parked the vehicle about (3) three feet from the road. There were no "men at work" signs, "caution lights," or no signs to let the drivers be, "aware of workers ahead,". Plaintiff along with several inmates requested several times that officer William Ambers to return them back to the camp "Elmore", he stated, "No", officer Ambers continued to read his newspaper.

During this time while sitting in a parked vehicle about three (3) feet away, where cars and trucks are driving at least 75 miles per hr., officer William Ambers failed to put any signs out or any flashing lights that's required by the state of Alabama; This officer clearly neglected his duties as a supervisor according to Administrative Regulation #439

1

September 21, 2004, the unfortuante events giving rise to this litigation occured. A motorist rammed into the back of the vehicle where Plaintiff were stating and the vehicle went off the edge of the road, down into a ditch with other inmates inside, Plaintiff and several other inmates have suffered serious injuries.

Plaintiff recieved a broken-jaw bone top and bottom, had three (3) metal plates put in, lost a cheek bone on his left-side, broke the plate of his mouth that holds his teeth together, lost three (3) teeth, and now the rest of Plaintiff's teeth are decaying because of nerve damages, Plaintiff teeth don't sit right, Plaintiff has no feelings on the left side of his face, no feeling in his lower right leg, and three (3) permanet scars on his face.

## GROUND I DELIBERATE INDIFFERENCE

The reckless disregard and describes the state of mind blameworthy, negligence, the acts or omissions for the very purpose of causing harm, Officer William Ambers knowledge that harm will result, by providing the proper safety that's required, by <u>Administrative Regulation #439 #6-G Inmates Work Rules</u>- states Books, magazines or newspaper will not be allowed at work site.

This officer clearly neglected his duties as a supervisor according to Administrative Regulation #439 Inmates Working on Community Projects III (D) Responsibilities Inmate Work Supervisor (Freeworld and Departmental) will be responsible to ensure the rules and procedures at outlined in regulation.

Clause of the Eighth Amendment proscribes more than physically barbarous punishments; the Amendment embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency, against which penal measures must be evaluated.

Defendant's have clearly violated the Plaintiff's Eighth Amendment.

When the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic humane needs—e.g., food, clothing, shelter, medical care, and reasonable safety-it transgresses.. the Eighth Amendment. See Helling v. McKinney, 589 U.S. 25, 113 S.Ct. 2475, 2480 125 L.Ed.2d 22 (1993)(quoting DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 199-200, 109 S.Ct. 998, 103 L.Ed.2d

3

249 (1989).

While Plaintiff and other inmates were threw with their duties on (M2) squad, and preparing to go back in the Camp [Elmore], the officer [Mr. Ambers] decided to just continue to read his newspaper, with no regard for the safety of those inmates.

In work assignment context, prison officals are deliberately indifference when they knowingly compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their health, or which is unduly painful.

Plaintiff presents solid scientific proof that injuries he complains of were actually caused by nelect, selfishness of a officer, in violation of Plaintiff Eighth Amendment.

4

## Ground II <u>Inadequate Medical Care</u>

After this accident plaintiff was placed at the Kilby Correctional Facility Hospital for a week without any type of medication, [Doctor Robbins] is over the medical staff at Kilby Correctional Facility which failure to provide proper medical treatment. Doctor Robbins was responsible for coordinating the provision of medical care at Kilby. [Doctor Robbins] failed to give plaintiff any medication concerning his injuries, plaintiff only were given juices from vegatables as of peas, greens and beans for a diet meal, also plaintiff nose is still broken and remain to have no feelings on his left side. [Doctor Robbins] and Kilby medical staff constituted the unnecessary and wanton infliction of pain. In violation of plaintiff's Eighth Amendment.

The delay, and denial of access to medical attention, while defendant were aware of the seriousness and urgency of the plaintiff medical needs. The constitution requires that medical staff provide care only for serious medical needs. Plaintiff required serious medical attention, the injuries that he received affect his daily life activities and future. Plaintiff concenstrate on the inadequate procedures used to identify individual medical needs and deliver medical care to those who need that care. Furthermore that inadequate medical care is a constitutional violation, because the failure to provide medical need was serious and not attended by the medical staff, that Doctor Robbins were supervisor.

The Supreme Court noted that the Eighth Amendment

prohibits punishments that "involve the unnecessary and wanton infliction of pain." See (Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976)); Estelle v. Gamble 429 U.S. 97, 104-5, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). See also. Carlson v. Green 446 U.S. 14, 16 N1, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)

The scars recieved by the Plaintiff in this accident and pain that he has suffered still remains with him. Plaintiff states that Doctor Robbins failed to adequate train his staff, and failure to provide proper medical care. Doctor Robbins could not determine that Plaintiff will need Therby as soon as possible. This entire medical staff at Kilby Correctional Facility neglected their duties and did not attend to Plaintiff's broken nose thats still remains.

Five factors have been held to be indicative of a "serious medical need."

1) "A medical need is 'serious' if it is one that has been diagnosed by a physician as mandating treatment. See. Shabazz v. Barnauskas, 790 F.2d. 1536, 1538 (11th Cir. 1986).

2) A need is serious if it is "one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. See Greeno v. Litscher 13 Fed. Appx. 370 (7th Cir. 2001); Hill v. DeKalb Regional Youth Detention Center 40. F.3d. 1176, 1187 (11th Cir. 1994).

3) A need is serious if it causes pain. See. Farinaro v. Coughlin 642 F.Supp. 276, 279 (S.D. N.Y. 1986)

4) If medical condition "significantly affects an individual's daily acts," it may be deemed serious. Koehl v. Dalesheim 85 F.3d 86, 88.

5) The condition offers the possibility of a life-long handicap

OR PERMANENT LOSS, IT MAY BE CONSIDERED SERIOUS. JOHNSON V. BOWERS, 884 F.2d. 1053, 1056 (8th CIR. 1989).; BROWN V. HUGHES 894 F.2d. 1533 (11th CIR. 1990); ALDRIDGE V. MONTGOMERY 753 F.2d. 970, 972-73 (11th CIR. 1985); HUGHES V. NOBLE 295 F.2d. 495 (5th CIR. 1961).

WHEREFORE PLAINTIFF PRAYS THAT THIS COURT WILL GRANT THIS GROUND UPON THE FOLLOWING SHOWING.

## Relief Requested

Wherefore, plaintiff requests that the Court grant the following relief:

A. Issue a Declaratory Judgment stating that:

1. The Deliberate Indifference abuse of the Plaintiff and Inadequate Medical Care to Plaintiff, By Defendants Officer Willie Amber's; Warden Nagles; P.H.S. Doctor Robbins; Elmore Correctional Facility, violated the Plaintiff's Rights under the Eighth Amendment to the United States Constitution and constituted life severe injuries.

2. That Officer Willie Amber's neglected his duties as a supervisors and violated Plaintiff's Eighth Amendment to the United States Constitution, and Defendant Warden Nagle failed to proper trained Defendant Amber's.

3. Defendant Doctor Robbins P.H.S. were Supervisor over the staff that perform duties for Medical Treatment for Plaintiff who has left Plaintiff with a broken nose, and still suffer in pain.

B. Award Compensatory Damages In The Following Amounts:

1. $400,000.00 severally against Defendants Amber's, Nagles, Robbins, and Elmore Correctional Facility.

2. $400,000.00 severally against Defendants Amber's, Nagles, Robbins for neglected duties.

C. Award Punitive Damages In The Following Amounts:

1) $100,000 EACH AGAINST DEFENDANTS WILLIE AMBERS, DOCTOR ROBBINS, AND WARDEN NAGLES.

2) $200,000 EACH AGAINST KILBY MEDICAL STAFF, ELMORE CORRECTIONAL FACILITY AND DOCTOR ROBBINS

FURTHERMORE PLAINTIFF REQUEST THE COMPENSATORY DAMAGES BE AWARDED IN PLAINTIFF'S FAVOR.

WHEREFORE, PLAINTIFF REQUESTS THAT THE COURT GRANT THE FOLLOWING RELIEF IN HIS FAVOR.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT THE FOREGOING DOCUMENTS HAVE BEEN FORWARD TO THE CLERK OF THE MIDDLE DISTRICT OF ALABAMA TO THE CLERK THOMAS C. CAVER CLERK, P.O. BOX 711, MONTGOMERY, AL. 36101, AND PLACED IN KILBY CORRECTIONAL MAIL BOX AT 150 MT. MEIGS, AL. 36057

CC: INMATE FILE

SINCERLY
Marvin Kurt Nation #141669
MARVIN KURT NATION
#141669
P.O. BOX 150
MT. MEIGS, AL. 36057