IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

MARVIN KURT NATION, #141 669   *

    Plaintiff,   *

    v.   *   2:06-CV-693-ID
                                                                              (WO)

WILLIE AMBERS, *et al.*,   *

    Defendants.   *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Fountain Correctional Facility located in Atmore, Alabama, files this 42 U.S.C. § 1983 complaining that his Eighth Amendment rights were violated when he was injured while on a prison work detail and when he received inadequate medical care for the injuries he sustained. Plaintiff names the Kilby Correctional Facility and Elmore Correctional Facility as defendants to this cause of action. Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against the Kilby Correctional Facility prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

**DISCUSSION**

The Kilby and Elmore Correctional Facilities are not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless

of the nature of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). In light of the foregoing, the court concludes that Plaintiff's claims against the Kilby and Elmore Correctional Facilities are due to be dismissed. *Id.*

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Kilby Correctional Facility and the Elmore Correctional Facility be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2. The Kilby Correctional Facility and the Elmore Correctional Facility be DISMISSED as defendants to this complaint; and

3. This case with respect to the remaining defendants be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before September 19, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 7th day of September 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE