IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |  |
|---|---|---|
| MARVIN KURT NATION, #141 669 | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-693-ID |
| | | (WO) |
| WILLIE AMBERS, *et al.*, | * | |
| Defendants. | * | |

_____

**ORDER ON MOTION**

Pending before the court is Plaintiff's request for appointment of counsel. A plaintiff in a civil case has no constitutional right to counsel. While an indigent plaintiff may be appointed counsel pursuant to 28 U.S.C. § 1915(e)(1), a court retains broad discretion in making this decision. *See Killian v. Holt,* 166 F.3d 1156, 1157 (11th Cir.1999).

Here, the court finds from its review of the complaint that Plaintiff is able to articulate adequately the facts and grounds for relief in the instant matter without notable difficulty. Furthermore, the court concludes that Plaintiff's complaint is not of undue complexity and that he has not shown that there are exceptional circumstances justifying appointment of counsel. *See Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993); *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992); *see also Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Therefore, in the exercise of its discretion, the court shall deny Plaintiff's request for

appointment of counsel at this time. The request may be reconsidered if warranted by further developments in this case.

Accordingly, it is

ORDERED that Plaintiff's Motion for Appointment of Counsel (Doc. No. 9), is DENIED.

Done, this 26th day of September 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE
