IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARVIN K. NATION, #141669,          *

    Plaintiff,                      *

versus.                              *    Civil Action No: 2:06-cv-693-ID

WILLIE AMBERS, ET AL.,               *

    Defendants.                     *

                                    *

## PLAINTIFF'S RESPONSE TO MAGISTRATE JUDGE'S ORDER TO RESPOND IN OPPPOSITION TO THE DEFENDANTS SPECIAL REPORT AND PLEADINGS

Comes now, the Plaintiff in the above styled matter, and pursuant to the Court's order issued on the 24th day of October, 2006 whereby this Honorable Court has ordered that the Plaintiff respond to the Defendants special report filed with the Court, and that this Plaintiff should do so before the 13th day of November, 2006, and in response and compliance with this Court's order the Plaintiff shows as follows:

1]. The Plaintiff avers that the Defendants Dr. Robbins, and R.N. Linda Lawrence's response to the complaint with the attached affidavits and medical records clearly shows that the Plaintiff was received at the Kilby Correctional Facility right after the accident which occurred causing the Pplaintiff and several inmates to be transported to the nearest medical facility for treatment, and the Plaintiff further avers that the continued observation of these documents which have been skewed out of sync, the Plaintiff will have to resubmit these documents in order for this Honorable Court to know which of the stated

1

documents that the Plaintiff refers to in this response since no numerical order otherwise exist.

a]. The Plaintiff averred in his complaint that Dr. Robbins and the Staff at the Kilby Correctional Facility including but not limited to Dr. Robbins, R.N. Lawrence, but other un-named and unknown nurses did, while the Plaintiff was being held at Kilby, refused, and denied the Plaintiff proper medical treatment and care for his injuries suffered while working on a State Highway under the supervision of State Prison Official's.

b]. The Plaintiff right after the accident whereby the Plaintiff received, and sustained serious injuries to his face, back, and legs, he was seen by a Doctor Kean, an Oral Specialist at the Baptist Health Medical Center in Montgomery Alabama, whereby the Doctor gave specific written order for the care of the Plaintiff until surgery could be performed on the sustained injuries, and thereafter, some three to four hours later the Plaintiff was transported from the Baptist Health medical Center to the Kilby Correctional Facility Infirmary to await the performance of the scheduled surgery on his face to replace the Plaintiff's jaw bone with a plate, however, the Plaintiff was required to return to a State Prison Infirmary until the scheduled surgery could be performed, and it was during this period of time prior to the Plaintiff having surgery, when the Plaintiff was suffering the most pain that the Medical Staff was denying him Doctor ordered medications to combat the pain, that the Plaintiff was subjected to the harsher of the denial of proper medical treatment by the medical staff denied the Plaintiff the prescribed medication, and chose to substitute the ordered medicine with other weaker medications that left the

suffering and in continuous pain, which the said suffering and pain extended even after the surgery and the Plaintiff's mouth and jaws were wired closed.

c]. The Plaintiff avers that the defendants at all times were made aware that the Plaintiff was suffering from extended pain due to the injuries that he received by the negligent acts of one acting under the color of State Laws, which the Plaintiff further avers that PHS and its staff members named herein are contracted by the State of Alabama to provide medical services to its inmate population.

d]. The Plaintiff avers that the Defendants Dr. Robbins and R.N. Lawrence was aware of the prescribed medications that were ordered administered to this Plaintiff by the Physician Dr. Kean prior to the Plaintiff being transported to Kilby Correctional Facility, yet these Defendants chose not to administer the prescribed medications and substitute the prescribed medicians with something other and less nocotic regardless of the pain this Plaintiff was suffering from, and regardless of the extensive and surgery needed wounds from the Plaintiff's face being crushed and bones fractured.

e]. The Plaintiff avers that PHS was further instructed to have another surgery scheduled for the Plaintiff's nose to be re-set from its broken position, which the Plaintiff avers that to this day the Plaintiff's nose has went unattended and bone fused into a long crook due to the unattended bone being left to heal as it pleased.

f]. The Plaintiff avers that the Defendant made several request to the medical staff and officials concerning his pain medications being administered as was ordered by Dr. Kean,

3

from the Baptist Health Medical Center, and the medical reports submitted by the Defendants clearly shows that the Plaintiff made several complaints that were documented, and the Plaintiff avers that these are not all the complaints that were made by him upon his release from the medical center and transported to Kilby Correctional Facility with a crushed face full of broken bones to await reconstructive surgery which required plates being placed in face, and a broken nose that remains broken due to the medical personel transferring the plaintiff again even after the Baotist Health Medical Physician instructed PHS to make the proper arrangements for the Plaintiff to receive further treatment to re-set his nose, and the Defendants rather than make the required appointments as recommended by the Baptist Health Medical Center Doctors' that was caring for the Plaintiff after the vehicular wreck, and also responsible for the operation that was required to be perform on the Plaintiff, which the Defendants ignored, and decided to maintain the Plaintiff under their own particular pre-surgery care prior to surgery.

g]. The Plaintiff avers that Dr. Robbins was made aware that this Plaintiff was not being provided with the prescribed medications ordered by Dr. Kean, nor is there a record of any communications between Doctors Robbins and Kean concerning the substitution of prescribed medications, and in fact, when Dr. Kean learned from the Plaintiff that the prescribed medications that were ordered for the Plaintiff was not being administered, Dr. Kean re-ordered and submitted that the Plaintiff be administered the prescribed medications as were first ordered upon the Plaintiff's initial admission to the Baptist Health Medical Center, and the proceeding surgery, however, the

4

**Defendants** utterly failed to acknowledge the prescribed orders from Dr. Kean concerning the care of this Plaintiff, and have continued and caused to be continued, the denial of needed medical service and care to this Plaintiff, which has further caused this Plaintiff to continue to walk around with a brokenly fused together nose which is crooked due to being unattended as was instructed by the medical staff at the Baptist Health Medical Center.

    h]. The Plaintiff avers that he medical complaints went unattended, and due to the complaints being made by the Plaintiff concerning his unattended injuries, he was transported clean out of the Middle District to the furtherest South where the Plaintiff's injury which stemmed from the negligence of defendant Ambers, have continued to be ignored and unattended which is why the Plaintiff's nose has healed and otherwise bone fused together in a crooked and hooked state due to the unattended medical need which the Plaintiff avers that was specifically ordered by the medical staff at the Baptist Health Medical Center Physicians whom did notify PHS and specifically Dr. Robbins of the need for further attention needed to the Plaintiff injuries.

    i]. The Plaintiff avers that the Defendants Dr. Robbins and R.N. Lawrence were the first Physicians responsible for the care of the Plaintiff upon his removal from the Baptist Health Medical Center due to prison security measures that would not allow the Plaintiff and other inmates to remain at the Medical Center for proper treatment and care, and allowed the Plaintiff to be transported from the Baptist health Medical Center where the proper pre-surgery procedures could be met, and the Plaintiff

provided with the needed care based upon the medical doctor scheduled to perform the needed surgery on the Plaintiff, without due care or concern for the pain and suffering that the Plaintiff was having to deal with due to the extensive injuries he had received from the accident while under the careless custody and care of Defendant Ambers.

The Plaintiff avers that he has submitted his own affidavit in support of his claims against the Defendants, and also Plaintiff further avers that he has foregone citing any citation of authorities in this case, because that, the Plaintiff avers is the duties of this Honorable Court to interpret the laws and the factual basis for the complaint, and the Plaintiff respectfully request that this Honorable Court take full judicial review of the medical records provided by the Defendants in their special report, as well as the fact that the Plaintiff has been walking around with a badly bone fused nose that now rests in the center of his face in a crooked state.

Wherefore, this Plaintiff submits this response to the Defendants special report, and in compliance with this Honorable Court's order dated on the 24th day of October, 2006.

Done on this the 9th day of November, 2006.

Respectfully Submitted,

_____
Marvin Kurt Nation
Plaintiff pro se

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing

on the Defendants by placing a copy of the same in the United States mail properly stamped and addressed on this the 9th day of November, 2006.

RUSHTON, STAKELY, JOHNSTON & GARRETT
ATTORNEYS AT LAW
POST OFFICE BOX 2 7 0
MONTGOMERY, ALABAMA 36101-0270

_____
Marvin Kurt Nation
Plaintiff pro se

MARVIN KURT NATION
AIS# 141669     UNIT# 1/28
G. K. FOUNTAIN CORR. FAC.
F O U N T A I N   3 8 0 0
A T M O R E, ALABAMA 36503

7

STATE OF ALABAMA
COUNTY OF  ESCAMBIA

# AFFIDAVIT

Before me, the undersigned N o t a r y  P u b l i c,  personally appeared M A R V I N   N A T I O N  (#141669), who being known to me, and after first being duly sworn, deposes and says under oath as follows :

My name is  Marvin    Nation AIS# 141669  , and I am   40   years Of age and competent to testify to the statements made herein that . . .

     On September 21, 2004 while incarcerated at the Elmore Correctional Facility in Elmore County, Alabama, a prison camp within the chain of prison run by the State of Alabama Department of Corrections, I was assigned to work daily on a road squad which went up and down Alabama Highways picking up trash and debris from the sides of the roads.
     Officer Willie Ambers was in charge of the road work crew and driving the Van which transported the inmates up and down the Highways.
     On the day in question, after my road work crew was through picking the trash off the area of the highway where we were working on this particular day, we (the road crew inmates) gathered up all the safty signs and flashing lights that are used whenever we are out working, and stored them in the Van, and then we gathered ourselves in the Van prepared for our return to the prison camp.
     We made a few complaints about getting on back to the camp to Officer Ambers, who was at that time sitting in the driver's seat reading the newspaper, which he stated to us to shut up he was trying to read his paper and kill some more time before starting back to the camp.
     While Officer Ambers was reading his newspaper and killing some more time before starting back to the prison camp, a car came along and struck the Van we were sitting in

PAGE ONE OF TWO

*Marvin Nation*
*Signature of Affiant*

catapulting the Van and everyone on it.

I was transferred to Baptist Health medical Center where I was treated for several broken bones. I was kept at baptist Medical for approximately four (4) hours, then I was released and transferred to Staton Correctional Facility with pain medication Lorcet and Demoral, and a order to see a surgeon. Two days passed after I was sent to Staton Prison before I was able to see a Doctor, and then I couldn't take the pain medications due to the broke bones in my jaw, and I was refused a liquid form of medication.

After the surgery, I was then transferred to Kilby Correctional Facility on September 25, 2004 with prescribed medications for pain ordered by Dr. Kean the Oral Surgeon that attended to me, however, once at Kibly I was denied the medication ordered by Dr. Kean by Doctor Robbins, M.D., and my mouth was wired shut, and the only medications I was receiving was Vikendon in a pill form, which I was unable to take. When I complained to the nurses and doctors told me to crush them up and suck them through a straw Ha! Ha! After asking for a grievance form on several ocassions, and was kept being told by the nurses and prison officers that their were no grievance forms, and my complaints concerning the soft diet that I was supposed to have been getting but never did receive.

The Doctor (Dr. Robbins) and the nursing staff never responded to any of my complaints after my first visit with Dr. Kean who I had informed about the medicine, and Dr. Kean then wrote me another prescription for pain medicine which I never received, because PHS medical Staff kept giving me medications that did nothing to relieve the pain, and some of my injuries are still present today, my nose have not been straighten out which PHS have ignored.

M A R V I N   N A T I O N                *Marvin Nation*
**Name of Affiant (print clearly)**      *Affiant's Signature*

Sworn to and subscribed before me a Notary Public in and for the said State of Alabama and County at large on this the ___7th___ day of ___November___, 2006.

My Commission Expires on: ___12/3/07___

NOTARY PUBLIC