IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARVIN KURT NATION,

    Plaintiff,

vs.                             Civil Action No: <u>2:06-CV-693-ID</u>
                                                                 <u>(WO)</u>
WILLIE AMBERS, et al.,

    Defendants.

## PLAINTIFF'S OPPOSITIONAL RESPONSE TO THE
## DEFENDANT WILLIE AMBERS ANSWER TO THE COMPLAINT

    **Comes now,** the Plaintiff in the above styled action, and makes this response in opposition to the Defendant's Willie Ambers answer to the complaint filed with this Honorable Court, and in opposition thereto, and pursuant to this Court's Order dated on the 7th day of December, 2006 ordering that this Plaintiff respond to the Answer and Written Report of the Defendant Willie Ambers, the Plaintiff hereafter responds as follows:

    1]. The Defendant Willie Ambers avers in his answer and written report that on September 21st, 2004, that he, Willie Ambers while assigned as Road Squad Officer on Hwy. 231 North Troy Highway in Montgomery County, had a crew of nine (9) inmates assigned to him to perform litter control. At approximately 1:25pm the Defendant avers that he parked the State Van well off the roadway on the Northbound side of Hwy 231 Troy Highway to give the inmates a water break, and that seven (7) of the inmates, including the Plaintiff were inside the Van along with

1

the Defendant Willie Ambers, and the other two (2) inmates were standing outside the Van.

PLAINTIFF'S RESPONSE...

The Plaintiff's responsive opposition to the averments of the defendant Willie Ambers that on September 21st, 2004 the Defendant Willie Ambers did in fact had the road crew litter control squad out on Hwy. 231 Troy Highway when he decided to remain parked on the side of the Northbound lane of Hwy 231, however, what the Defendant fails to make findings of facts of, is that the defendant did in fact park the State Van on the side of the Northbound lane of Hwy 231, however, the purpose for the stop was for the inmates to take in all the caution signs in which the inmates had set out on the highway to inform drivers of the working inmates, and once all the sign were taken in and put up, the Defendant Willie Ambers decided that he was going to kill some time in that spot before heading back to the prison, which was the reason the Van was on the Northbound side of the highway, and not the 168 feet off the highway as protended by the defendant.

The Plaintiff avers that the Defendant did deliberately remained on the side of the road with inmates inside and outside of the van knowing that all the caution signs had been otherwise removed from the roadside, and remained in the area to kill time before returning to the prison, because there was no need for the alleged water break that the defendant now pretends was the reason for the stop, and had the defendant Willie Ambers proceeded to leave the area with the inmates, then the Plaintiff avers that the Van would not have been in harms way, but the defendant decided that he was going to finish reading his

2

newspaper before leaving for the prison.

The Plaintiff avers that the defendant Willie Ambers knew of the risk of staying parked on the side of the highway, but deliberately ignored those risk, even after being involved in several such accidents, which the Defendant has a history of being involved in such events.

The Plaintiff avers that the diagrams of the accident clearly shows that the driver of the vehicle that struck the van traveled some one hundred and sixty-eight (168) feet before striking the van, and the path from the point where the driver started to leave the road to the point of impact was one hundred and sixty-eight feet to where the van was sitting on the side of the Northbound lane of the highway, and not the 168 feet the defendant wishes for this Honorable Court to believe that the van was parked off the roadside, because had the Van been parked the stated 168 feet off the side of the highway, then the path of the vehicle would have clearly missed striking the parked van.

The Plaintiff avers that there was a deliberate indifference in the Defendant's conduct, because after having been involved in a number of accidents while having inmates in his care should have made the Defendant Willie Ambers more cautious, but did not.

The Plaintiff avers that the Defendant's action were not the result of mere negligence, but of deliberate indifference to to the welfare and safty of the inmates in his care, and in particular the plaintiff, because the purpose of having the sign out on the highway while the inmates were working was to advise motorist of the inmates working and to watch therefore, and once the Defendant Willie Ambers had the inmates remove those caution

signs off the side of the roadway where they were working, the defendant was required to also remove those inmates from the otherwise unsafe area immediately, but failed to do so, and in doing so allowed the Plaintiff and the other inmates to be placed in a position they had no control over.

The Plaintiff avers that for the defendant willie Ambers to now assume that his action were merely negligent is of no consequence under the prevalent circumstances surrounding the circumstance which lead to the unfortunate accident to accur, however, and the Plaintiff avers that while the defendant Willie Ambers may not have known the accident would occur, the defendant should have been fully aware and appraised of the prevalent dangers of being parked on the side of any roadway and especially a highway where hundreds of vehicles are traveling at high speeds all day long, which is the reason the caution signs are posted in the areas where the inmates are working to caution drivers to beware, was enough to make the defendant's actions were in fact deliberately indifferent to a known threat, and the fact that this defendant had been in similar situated accidents with inmates involved apparently did nothing to make the defendants decision under such circumstances more cautious.

The Plaintiff avers that the exhaustion requirements of **42 U.S.C. § 1997e(a)** are inapplicable in this case against the defendant Willie Ambers, and the Alabama department of Corrections do not have any administrative procedures for which the Plintiff could have otherwise referred his complaint to under the circumstances, and therefore the defendant's reference to administrative procedures or exhaustion requirements are of no value and have no significance to the pleadings before this

4

Honorable Court where administrative procedures are of concern.

The Plaintiff adopts and incorporates the Affidavit of the Plaintiff submitted to this Honorable Court in his prior response dated on the 9th day of November, 2006 and the Plaintiff avers that had not the Defendants attempted to elude service of process in this action as the records reflect, because the defendant were well aware of the defendant's Willie Ambers location, yet did not except responsible receivership of the same defendant that the State now pretends to represent in this action, which the Plaintiff avers has otherwise caused an undue delay, and the Plaintiff respectfully request that this Honorable Court take judicial notice of the State defendants action.

The Plaintiff avers in this response that discovery in this action is required, and that the Plaintiff will need to seek discovery from other entities concerning the relevance of the deliberate actions of the defendant Willie Ambers with the risk assessment division of the State of alabama department of Corrections which keep track of and evaluate such occurences, and maintain records of all such incidents.

The Plaintiff avers that it is the duties of this Honorable Court to apply the law to the facts as presented before it, and the Plaintiff has thus, foregone the citing of any statutory laws or precents set by the Federal Courts, and has left that matter to the Court to interpret the facts and apply the law to this case.

The Plaintiff avers further that the Defendants have submitted of the records of the accident are only those records which tend to show an abscured version of the accident photographs and diagrams in light most favorable to the defendant

rather than the entire records collected by the Department of Corrections from the report of the accident and all other pertinent documentations received from the Alabama State Troopers Office and other State Agencies which reported the scene and cause of the perverted accident that was preventable had the Defendant Willie Ambers followed and taken the proper measures, because under the present set of circumstances, the Defendant had prior knowledge of the dangers involved, but made no corrective measures to ensure that he would not cause another inmate to be injured while preforming his duties as a road squad officer, but the defendant failed to take even the minimum amount of caution to prevent another inmate from being injured out on the roadways.

    The plaintiff avers that the defendant Willie Ambers had the prior knowledge of the dangers of the roadway while working inmates in the litter control squad, and had in fact lost one inmates life, and accounts for several incidents whereby inmates had been struck by traveling cars while working out on the highways of Alabama, and the defendant Willie Ambers was aware that he was playing with lives when he chose to read the newspaper when he should have been leaving the area en route back to the prison and not burning up some time before starting back to the prison, and deliberately sat there on the side of the roadway waiting on the accident to happen, because the Plaintiff avers that they were so close to the side of the roadway that the defendant could not have gooten out of the Van without standing in the northbound lane of traffick, and the defendants action amounted to more then just mere negligence, because the risk was in fact dangerous and present at all times, as the defendant was well aware of just through the repeated instances of inmates

being injured out on the roadways while in his custody and care.

The Plaintiff avers that the defendant Willie Ambers right after this accident decide that it was time to retire from the Department whether due to the continued disregard of proper procedures, bordom, or by virtue of inside persuations, and then the State Attorney office deliberately tempted to evade service of process upon the defendant Willie Ambers, whom the State is now affording legal assistance thereto in this action, and the Plaintiff avers that the attorney generals office is and was well aware of the deliberate indifferences that the Defendant Willie Ambers had been showing to the safty and welfare of the inmates that were being continueous placed in his care and supervision, and never questioned his performance with the inmates while out on the highways of Alabama doing litter control.

**Wherefore,** the Plaintiff respectfully makes this response to the defendant's Willier Ambers answer and written report, and the Plaintiff further avers that he has refrained from the citation of any authorities, because that the purpose of this Honorable Court to ascertain the facts and apply the law, which the Plaintiff respectfully leaves this Honorable Court to do in this matter.

In conclusion the Plaintiff submits the foregoing response to the Defendant's Willie answer and written report, and in compliance with this Honorable Court's order dated on the 7th day of December, 2006, the Plaintiff submits this response, and respectfully request that this Honorable Court will now allow the Plaintiff the discovery that he needs to further represent and defend his claims against this defendant.

Done on this the 26th day of December, 2006.

Respectfully Submitted,

*/s/ Marvin K Nation/*
MARVIN KURT NATION
Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing response upon the counsel for the defendant Willie Ambers by placing a copy of the same in the United States mail properly stamped and addressed on this the 26th day of December, 2006.

ALABAMA DEPARTMENT OF CORRECTIONS
LEGAL DIVISION
C/O HON. NEAL P. CONNER, A.A.G.
301 SOUTH RIPLEY STREET
POST OFFICE BOX 301501
MONTGOMERY, ALABAMA 36130-1501

*/s/ Marvin K Nation/*
Plaintiff

ADDRESS OF PLAINTIFF:

MARVIN KURT NATION
AIS# 141669      UNIT# 7/70
G. K. FOUNTAIN CORR. CEN.
FOUNTAIN 3800
ATMORE, ALABAMA 36503