IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| MARVIN KURT NATION, #141 669 | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-693-ID |
| | | (WO) |
| WILLIE AMBERS, *et al*., | * | |
| Defendants. | * | |

_____

**ORDER ON MOTION**

Upon consideration of Plaintiff's Motion for Status, and for good cause, it is

ORDERED that the Motion for Status (Doc. No. 34) be and is hereby GRANTED. Plaintiff is advised that this case is pending on his complaint, Defendants' written reports, and Plaintiff's opposition. No additional pleadings are necessary to a determination of the issues presented herein, and Plaintiff will be informed of any action undertaken by the court on his complaint. Plaintiff is further is advised that the instant action is pending on the undersigned's docket along with numerous other actions filed both before and after the present complaint was filed. The court notes that this matter is ready for review and a decision shall be rendered within due course as the court's schedule permits.

Also pending before the court is Plaintiff's request for appointment of counsel. A plaintiff in a civil case has no constitutional right to counsel. While an indigent plaintiff may

be appointed counsel pursuant to 28 U.S.C. § 1915(e)(1), a court retains broad discretion in making this decision. *See Killian v. Holt,* 166 F.3d 1156, 1157 (11th Cir.1999).

Here, the court finds from its review of the complaint that Plaintiff is able to adequately articulate the facts and grounds for relief in the instant matter without notable difficulty. Furthermore, the court concludes that Plaintiff's complaint is not of undue complexity and that he has not shown that there are exceptional circumstances justifying appointment of counsel. *See Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993); *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992); *see also Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Therefore, in the exercise of its discretion, the court shall deny Plaintiff's request for appointment of counsel at this time. The request may be reconsidered if warranted by further developments in this case.

Accordingly, it is

ORDERED that Plaintiff's Motion for Appointment of Counsel (Doc. No. 34) be and is hereby DENIED.

Done, this 11th day of October 2007.

    /s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATE MAGISTRATE JUDGE