IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| MARVIN NATION, #141 669 | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-693-ID |
| | | (WO) |
| WILLIE Ambers, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Marvin Nation ["Nation"], a state inmate, asserts that on September 21, 2004 he was injured in an automobile accident which occurred during his assignment to a road squad detail located in Montgomery County, Alabama. Nation alleges that his injuries were caused by unsafe working conditions caused by the negligence and deliberate indifference of the road squad supervisor, Defendant Willie Ambers. Nation further claims that Defendant Dr. Marvin Robbins provided him with inadequate medical care and treatment for the injuries he sustained in the accident. Nation seeks monetary damages from Defendants and requests entry of declaratory relief.

In accordance with the orders of the court, Defendants filed an answer, special reports, and supporting evidentiary material in response to the allegations contained in the complaint. The court then informed Nation that Defendants' special reports may, at any time,

be treated as a motion for summary judgment, and the court explained to Nation the proper manner in which to respond to a motion for summary judgment. Nation filed a response to the special reports filed by Defendants. This case is now pending on Defendants' motions for summary judgment. Upon consideration of the motions, Nation's opposition to the motions, and the supporting and opposing evidentiary materials, the court concludes that Defendants' motions for summary judgment are due to be granted.

## I. FACTS

On September 21, 2004, Nation and a crew of eight other inmates were assigned to a roadway litter detail on the Troy Highway located in Montgomery County, Alabama. Defendant Ambers was the road squad officer for the nine-man crew. At approximately 1:25 p.m., during a water break, seven inmates, including Nation, and Officer Ambers were inside a Department of Corrections' transport van. The other two inmates were standing outside of the van. Without warning, a northbound motorist who had left the highway, traveled 168 feet to the point of impact with the rear of the van and the two inmates standing outside of it. Several of the inmates as well as Officer Ambers sustained serious injuries as a result of the accident. They were transported to Baptist South Hospital for medical treatment shortly after the accident. Following treatment in the emergency room, eight of the injured inmates, including Nation, were released to the Staton Health Care Unit and placed on outgate status. (*Doc. No. 27, Exh. A at 2-22.*)

On September 24, 2004 Nation underwent a surgical procedure at Baptist Medical

Center East for an Open Reduction Internal Fixation procedure to set a left zygomatic maxillary complex fracture and a left maxillary alveolar segment fracture. Prison officials transported him to the Kilby Correctional Facility ["Kilby"] on September 26, 2004, following his discharge from the hospital. Nation remained at Kilby until he was transferred on October 5, 2004. Dr. Robbins first evaluated Nation on September 26, 2004 and had him admitted to Kilby's infirmary for post-surgical care. Dr. Robbins conducted additional evaluations of Nation's condition on September 27, 28 and 29, and October 1 and 5, 2004. (*Doc. No. 17, Exh. B*.)

## II. STANDARD OF REVIEW

To survive Defendants' properly supported motion for summary judgment, Nation must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (nonmoving party is required to produce "sufficient [favorable] evidence" indicating he is entitled to relief sought). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson v. Liberty Lobby*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). A plaintiff's conclusory

3

allegations similarly do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case and on which the plaintiff bears the burden of proof, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Consequently, where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a

requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor). Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

### III.  DISCUSSION

*A.  The Deliberate Indifference/Negligence Claim*

Officials responsible for prison inmates may be held liable under the Constitution for acting with "deliberate indifference" to an inmate's safety when the official knows of a "substantial risk of serious harm" and with such knowledge disregards that excessive risk to inmate health or safety by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To sustain a claim, a plaintiff must show that the challenged conduct was "very unreasonable in light of a known risk" of harm or suffering. *Hardin v. Hayes,* 52 F.3d 934, 939 (11th Cir. 1995) (citing *Farmer,* 511 U.S. at 835-36). A constitutional violation occurs, however, only when a plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware, . . . and [that] the official does not respond[] reasonably to the risk'...." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001) (*en banc*) (quoting *Farmer*, 511 U.S. at 844). Thus, in order to

survive summary judgment in this case, Nation is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer,* 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter,* 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... [T]he prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists--and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).

Nation complains that Officer Ambers' conduct on the day of the accident reflected negligence as well as deliberate indifference to the safety of the inmate road crew. In support of this claim, Nation argues that the prison van was parked only about three feet from the roadway, there were no caution lights or signals warning motorists that road workers were ahead of them, the inmates had made several request to Officer Ambers that they return to the prison camp which he refused, and Officer Ambers was reading a newspaper at the time of the accident in violation of prison regulations. (*Doc Nos. 1, 33*.)

The evidence before the court reflects that after the inmate road crew had picked up approximately two miles of litter on Highway 231, Defendant Ambers drove the prison van to mile marker 164 to provide the inmates with a water break. He parked the vehicle well

6

off the roadway. Two inmates got out of the van and Officer Ambers along with the other seven inmates remained seated inside. Without warning, a motorist hit the back of the parked van.[1] All the inmates at the scene as well as Officer Ambers sustained injuries as a result of the accident. With the exception of one inmate who had to remain hospitalized due to the extent of his injuries, the other inmates and Defendant Ambers were treated and released from the hospital. Statements were obtained from the nine inmates involved in the accident. All of the inmate statements, including Nation's, indicate the accident was sudden and unexpected. (*Doc. No. 27, Exh. A.*)

Nation's allegation that Defendant Ambers exhibited negligent conduct on the day of the accident is due to be dismissed. The law is well settled that the Constitution is not implicated by negligent acts of officials. *Daniels v. Williams*, 474 U.S. 327 (1986); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (mere negligence does not violate the Eighth Amendment); *Kelley*, 400 F.3d at 1285 (negligence insufficient to establish a constitutional violation); *Popham v. City of Talladega*, 908 F.2d 1561, 1563 (11th Cir. 1990), citing *Molton v. City of Cleveland,* 839 F.2d 240, 243 (6th Cir. 1988) (plaintiff showed mere negligence which does not establish a § 1983 claim).

With regard to Nation's claim of deliberate indifference, this claim likewise entitles him to no relief. A thorough review of all the documents filed in this case demonstrates that

---

[1] The evidence before the court reflects that the motorist who caused the accident either passed out or fell asleep while driving.

the injuries suffered by Nation occurred as a result of the actions of a driver who left the highway and drove straight into the path of the prison van which was parked on the side of the highway. The actions of the driver constituted a purely random act that could not be anticipated nor prevented by Officer Ambers. While Nation argues that Officer Ambers acted with deliberate indifference by remaining on the side of the roadway with inmates both inside and outside of the van, by removing all caution signs from the roadway, and by staying on the side of the road simply to kill time before returning to the prison, the record contains no evidence that Officer Ambers had knowledge of specific facts from which an inference could be drawn that a substantial risk of harm existed to Nation or any other inmate in and around the van, that he actually drew this inference and thereafter ignored this risk. Nation's conclusory and unsupported allegation that Officer Ambers had been "involved in several such accidents" and had a "history of being involved in such events" is likewise insufficient to demonstrate that Officer Ambers acted with deliberate indifference on the day in question. (*Doc. No. 33 at 3*.)   *See, e.g., Brown v. Richmond County Correctional Inst.*, 2006 WL 1431488 (S. D. Ga. 2006) (concluding that failure to provide a helmet in cutting tree limbs, an activity that "does not, in itself, involve an imminent threat of physical harm posing a danger to a prisoner's life or health," did not rise above the level of mere negligence); *Stephens v. Johnson,* 83 F.3d 198 (8th Cir. 1998) (holding that lack of safety training equipment, including no steel-toed boots and no safety straps on moving dollies in warehouse, as well as allegations of a pattern of injuries, showed at most negligence for not

taking better safety precautions); *Warren v. State of Missouri,* 995 F.2d 130 (8th Cir. 1993) (holding that prison officials' failure to provide "anti-kickback" protective equipment on saw, as well as allegations that officials knew of similar prior accidents that could have been prevented with protective equipment, did not create a genuine issue of material fact as to deliberate indifference to a serious issue of workplace safety); *Bibbs v. Armontrout,* 943 F.2d 26 (8th Cir. 1991) (holding that prison officials' alleged knowledge that safety guards covering the gears of an inker had been removed, and their failure to repair it, amounted to mere negligence); *Arnold v. South Carolina Dep't of Corrections,* 843 F. Supp. 110 (D.S.C.1994) (holding that kitchen supervisors' knowledge of faulty condition of steam pot, and their failure to repair it, was not sufficient to establish that officials acted with an attitude of deliberate indifference).

Nation's allegations against Officer Ambers, that he should have been aware of the dangers of parking on the side of a roadway as well as the dangers of parking in such manner without cautionary signs or signals, simply do not rise to the level of deliberate indifference. At most, they suggests negligence. This is likewise true of Nation's allegation that Officer Ambers had been in similar accidents. Temporarily parking a vehicle on the side of a roadway is not, in itself, an inherently or obviously dangerous activity involving an imminent threat of physical harm posing a danger to Nation's life or health. The facts alleged, taken in a light most favorable to Nation, fail to show that Officer Ambers violated a constitutional right. Nation simply had not established the requisite element of subjective awareness on the

9

part of Officer Ambers. *Carter*, 352 F.3d at 1350. While it is unfortunate that Nation suffered injuries as a result of the accident, the record fails to demonstrate that the incident occurred due to any deliberate indifference or reckless disregard by Officer Ambers with respect to the safety of Nation. Consequently, summary judgment is due to be granted in favor of Officer Ambers. *See Celotex v. Catrett, supra.*

*B. The Medical Claim*

To prevail on a claim concerning an alleged denial of adequate medical treatment in violation of the Eighth Amendment, an inmate must, at a minimum, show that the defendants acted with deliberate indifference to his health. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."). When seeking relief based on deliberate indifference of correctional medical personnel, an inmate is required to establish "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need and an actual inference of required action from those facts." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (for liability to attach, the official must know of and then disregard an excessive risk to the prisoner); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986). Consequently, deliberate indifference occurs only when a defendant

"knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 837; *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (defendant must have actual knowledge of a serious condition, not just knowledge of symptoms, and ignore known risk to serious condition to warrant finding of deliberate indifference).  Furthermore, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

> In articulating the scope of inmates' right to be free from deliberate indifference, however, the Supreme Court has also emphasized that not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291; *Mandel,* 888 F.2d at 787.  Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' *Rogers,* 792 F.2d at 1058 (citation omitted).  Mere incidents of negligence or malpractice do not rise to the level of constitutional violations.  *See Estelle,* 429 U.S. at 106, 97 S.Ct. at 292 ('Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.'); *Mandel*, 888 F.2d at 787-88 (mere negligence or medical malpractice 'not sufficient' to constitute deliberate indifference); *Waldrop,* 871 F.2d at 1033 (mere medical malpractice does not constitute deliberate indifference).  Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment.  *See Waldrop,* 871 F.2d at 1033 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir. 1977)).

*Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991).  Moreover, "whether government actors should have employed additional diagnostic techniques or forms of treatment 'is a

11

classic example of a matter for medical judgment' and therefore not an appropriate basis for liability under the Eighth Amendment." *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995). As noted previously, to survive summary judgment on his claim of deliberate indifference, Nation must demonstrate a significant risk of serious harm, the defendants' deliberate indifference to that risk, and causation. *Hale*, 50 F.3d at 1582.

Nation argues that while he was in Kilby's infirmary, medical personnel substituted weaker medication for that prescribed by his surgeon. Nation conversely argues that medical personnel failed altogether to give him medication prescribed by his surgeon with the exception of vicodin which he states he was given in pill form. When he complained to medical staff that he could not take a pill because his jaw was wired shut, Nation claims that the nurses and doctors laughed and told him to crush the pill and suck it through a straw. (*Doc. No. 26*.)

In regard to Nation's allegation that Dr. Robbins failed to provide him with adequate medical care for the injuries he sustained from the car accident, the court finds that a claim of deliberate indifference to serious medical needs requires a greater showing than has been made here. *Estelle*, 429 U.S. at 106. Unquestionably, Nation's injuries were serious. Nonetheless, Nation has failed to establish that Dr. Robbins acted with the requisite deliberate indifference. *Farmer,* 511 U.S. at 834.

Here, the unrefuted evidence before the court reflects that Nation was routinely seen and examined by Dr. Robbins and other medical personnel during his stay at Kilby's

infirmary. Dr. Robbins evaluated Nation on September 26, 2004 following his return to prison from the hospital. The physician noted that Nation was experiencing post-operative pain but was not in any acute distress. Nation's jaw had been wired shut, he had some facial bruising, and there was a healing abrasion on his lower left leg. Dr. Robbins found Nation to be clinically stable and admitted him to Kilby's infirmary for post-operative care. Dr. Robbins personally evaluated Nation again on September 27, 28, and 29 and October 1 and 5, 2004.

Medical personnel at Kilby provided Nation with the prescription pain medication and antibiotics prescribed by his surgeon including vicodin, hydrocodone elixir, motrin, and amoxicillin.[2] Also, per the orders of Nation's surgeon, he received a soft diet to facilitate eating. Medical staff at Kilby regularly evaluated and treated Nation from September 26, 2004 through October 5, 2004, and there is simply no evidence that Nation voiced medical complaints or concerns which were ignored or went unattended. During his admission to the health care unit, Nation remained stable and medical staff maintained his plan of treatment. Nation received a follow-up evaluation with his surgeon on September 29, 2004 and again on October 6, 2004 after which time Nation was transferred out of Dr. Robbin's care. (*Doc. No. 17, Exh. A at 87-89, Exh, B; Doc. No. 21, Medical Records*.)

On the record before it, the court finds that Nation has presented no facts or evidence which suggest that Defendant Robbins acted with reckless disregard, callous inattention, or

---

[2]To facilitate Nation's ability to take his prescribed medication, medical personnel noted on his medication chart that he could "crush all meds." (*Doc. No. 17, Exh. A at 87-88*.)

13

gross negligence which resulted in a denial of needed medical treatment nor has he come forward with any indication that Dr. Robbins acted with a sufficiently culpable state of mind to constitute a violation of his Eighth Amendment rights. *See Farmer*, 825 U.S. at 837. The evidentiary material before the court simply does not support Nation's allegations of inadequate medical treatment nor has he shown that he was denied medical treatment altogether, or that the treatment was so inadequate that it amounted to no treatment at all. Further, just because a plaintiff disagrees with a medical decision does not evidence deliberate indifference to his serious medical needs. To demonstrate "significant" harm, a plaintiff must provide verifying medical evidence that proves that it was the denial or delay in medical treatment that caused the harm rather than an underlying condition or injury. *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1186 (11th Cir. 1984), *abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730 (2002); *Harris v. Coweta County,* 21 F.3d 388, 393-94 (11th Cir. 1994). While Nation may have a difference of opinion as to the course of treatment he received such disagreement does not provide the framework for a § 1983 complaint and certainly does not do so in this case. *Hamm v. Dekalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985).

For these reasons, the court finds no Eighth Amendment deprivation in regard to the medical treatment provided to Nation. Accordingly, Defendant Robbins' motion for summary judgment is due to granted.[3]

---

[3]To the extent Nation complains of receiving inadequate medical care between the date of the accident and September 24, 2004, he has no cause of action against Dr. Robbins. The evidence before the

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motions for summary judgment (*Doc. Nos. 17, 27*) be GRANTED.

2. This case be DISMISSED with prejudice;

3. Judgment be ENTERED in favor of Defendants and against Plaintiff;

4. The costs of this proceeding be taxed against Plaintiff for which execution may issue.

It is further

ORDERED that on or before **August 2, 2008** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

---

court reflects that Nation was transported from Baptist South on September 21, 2004 to the Staton Correctional Facility on outgate status and then transported to the Elmore Correctional Facility for pre-surgery medical care and treatment. He remained at Elmore until he was transported on September 24, 2004 to Baptist East Hospital for his jaw surgery. Following the surgery, Nation was transferred to Kilby on September 26, 2004. (*See Doc. No. 17 at 49, 52; Doc. No. 21 at 3, 10, 18, 19; Doc. No. 27 Exh. A at 3*, 26-27.)

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 23rd day of July 2008.

    /s /Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE